IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICHARD THOMPSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TRINITAS VENTURES, LLC, ) <br> ) <br> Defendant. ) | Civil Action File <br><br> No. _____ |

**COMPLAINT FOR DAMAGES**
**(JURY TRIAL REQUESTED)**

For his Complaint against Trinitas Ventures, LLC and its subsidiary or related corporations operating an apartment complex in Kennesaw, Georgia known as "The Collegiate" ("Defendant"), Plaintiff Richard Thompson ("Plaintiff") states and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331 because these claims are brought under the Federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA").

2. This Court has subject matter jurisdiction over this matter.

3. Venue is proper in the Northern District of Georgia, Atlanta Division, under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

4. Defendant is a foreign limited liability company not qualified to do business in Georgia, but which is conducting business in Georgia. Defendant operates an apartment complex known as The Collegiate in Kennesaw, Cobb County, Georgia (the "Apartments") and employed the Plaintiff to work at the Apartments. Defendant's registered agent is Capitol Corporate Services, Inc., 5217 Palisade Court, Indianapolis, Indiana 46237.

5. Defendant is an employer as defined by 29 U.S.C. §203(d).

6. Plaintiff is a former employee of Defendant, working at the Apartments in Cobb County, Georgia. Defendant employed Plaintiff as a maintenance worker from approximately late June 2013, to June 20, 2014. Plaintiff is a resident of the city of Kennesaw, Cobb County, Georgia.

7. Plaintiff was an employee as defined by 29 U.S.C. §203(e).

8. The Defendant is subject to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS

### As to the Defendant:

9. Defendant is not qualified to do business in the State of Georgia.

10. Defendant employed the Plaintiff from approximately late June 2013, through and including June 20, 2014.

11. During his employment by the Defendant, Plaintiff worked as a maintenance person at the Apartments.

12. Defendant has been in business since approximately 1978.

13. Defendant's principal place of business is located at 201 Main Street, Suite 1000, Lafayette, Indiana 47901.

14. Defendant conducts business in interstate commerce.

15. In its business, Defendant uses interstate wires to communicate with its officers, directors, employees, its clients and customers, and others.

16. Defendant owns, develops, builds, and manages commercial real estate and student housing communities.

17. Defendant currently owns and manages nearly one half billion dollars in student housing assets consisting of more than 6200 units and is currently developing over $150 million in assets.

18. Defendant either owns or manages student housing complexes, and is

doing business, in Tuscaloosa, Alabama; Kennesaw, Georgia; Savoy, Illinois; Indianapolis, Indiana; West Lafayette, Indiana; Bloomington, Indiana (two complexes); Lexington, Kentucky; Chapel Hill, North Carolina; and Richmond, Virginia.

19. Defendant has an annual gross volume of sales made or business done of not less than $500,000.00.

**As to the Plaintiff:**

20. Plaintiff was employed by Defendant in its Cobb County, Georgia facility providing maintenance work and was required to work in excess of forty (40) hours a week without overtime compensation for the time in excess of forty (40) per week.

21. Plaintiff was misclassified as a salaried employee whose duties consisted primarily of providing repair and maintenance work at the Apartments.

22. Defendant knowingly required Plaintiff to perform unpaid work.

23. Defendant required Plaintiff to be "on call" for weeks at a time without compensation.

24. Defendant required the Plaintiff to work in excess of 500 overtime hours without compensation.

25. Plaintiff's regular hourly wage was $24.04.

26. Plaintiff should have received an overtime wage of $36.06 per hour.

27. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to the Plaintiff.

28. Defendant is liable under the FLSA for failing to properly compensate Plaintiff.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

29. Plaintiff incorporates the allegations contained in Paragraphs 1 through 28 by reference.

30. During the statutory period, Plaintiff was employed by Defendant as a maintenance "supervisor".

31. Although the Plaintiff worked with three other maintenance and/or housekeeper personnel, he did little or no supervisory work over these other three employees.

32. At no time did the Plaintiff set or create any policy, any business strategy, any business goal, any future direction, any overall efficiency plan, or any mode of operations of the Defendant.

33. At no time did the Plaintiff set any management policy or general business operation of the Defendant.

34. At no time did the primary duties of the Plaintiff directly relate to management policies or general business operations of the Defendant.

35. At no time did the Plaintiff supervise any other individual.

36. At all times, the Plaintiff was engaged in production rather than administration of the Defendant.

37. The Defendant failed to record, report, and/or preserve records of hours worked by the Plaintiff.

38. The FLSA requires employers to pay employees for all hours worked. The FLSA, 29 U.S.C. §207 requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty hours per workweek.

39. Defendant's actions, policies, and/or practices described above violated the FLSA's overtime requirements by regularly and repeatedly failing to compensate the Plaintiff for time spent on work activities as described in this Complaint.

40. As the direct and proximate result of Defendant's unlawful conduct, the Plaintiff has suffered and will continue to suffer a loss of income and other damages for which the Defendant is liable pursuant to 29 U.S.C. §§201 *et seq*.

41. By failing correctly to record, to report, and/or to preserve records of hours worked by the Plaintiff, Defendant failed to make, keep, and maintain

records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. §201 *et seq*.

42. Defendant knew or showed reckless disregard for the fact that it failed to pay the Plaintiff for overtime hours worked. This, as well as the conduct as aforesaid, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. §255(a).

43. The Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. §216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

44. Plaintiff seeks recovery of attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 20 U.S.C. §216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

2. An equal amount to the unpaid back wages as liquidated damages;

3. An award of prejudgment interest (to the extent liquidated damages

are not awarded);

4. Costs and attorneys' fees to the extent allowed by law; and

5. Such further relief as this Court deems just and equitable.

This is to certify that this Complaint for Damages is in Times New Roman, 14 point type.

Respectfully submitted, this 4th day of August, 2014.

                                                      AUSTIN & SPARKS, P.C.

                                                     s/ John T. Sparks, Sr., Esq.
                                                     Georgia State Bar No. 669575

2974 Lookout Place, N.E., Suite 200      Attorneys for Plaintiff
Atlanta, Georgia 30305
404-869-0100 / 404-869-200 (fax)
jsparks@austinsparks.com

This is to certify that this Complaint for Damages is in Times New Roman, 14 point type.