IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICHARD THOMPSON,<br><br>    Plaintiffs,<br><br>v.<br><br>TRINITAS VENTURES,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:14-CV-2503-SCJ |

## ORDER GRANTING PARTIES' MOTION FOR APPROVAL OF SETTLEMENT

Having considered the supporting memorandum of law, declaration, and exhibits, and the agreement of the Parties, the Court hereby **GRANTS** the Parties' Joint Motion for Approval of Settlement under the terms set forth in the Settlement Agreement and Mutual General Release attached hereto as Exhibit A and incorporated by reference. This civil action is therefore **TERMINATED.**

**IT IS SO ORDERED**, this 31st day of October, 2014.

_____
STEVE C. JONES
UNITED STATES DISTRICT JUDGE

## SETTLEMENT AGREEMENT AND
## FULL AND FINAL RELEASE OF CLAIMS

This Settlement Agreement and Full and Final Release of Claims ("Agreement") is made and entered into between Richard Thompson ("Mr. Thompson") and Trinitas Ventures LLC (the "Defendant" or "Trinitas), collectively (the "Parties").

1. **SETTLEMENT.**

    Mr. Thompson and Defendant wish to settle fully and finally all differences and disputes between them, including but not limited to Mr. Thompson's lawsuit filed in the United States District Court for the Northern District of Georgia, Civil Action No. 1:14-cv-02530-SCJ ("the Litigation"), and any other differences between the Defendant and Mr. Thompson.

2. **CONSIDERATION.**

    In exchange for Mr. Thompson's execution of this Agreement, dismissal of the lawsuit, and release of claims, Trinitas will pay a total amount of $25,000.00 payable as follows:

    a. Issue a check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00), representing full and complete settlement of any claims for severance and wages, including claimed overtime, minus all applicable withholdings, made payable to Richard Thompson and reported to the IRS on a Form W-2.

    b. Trinitas will pay to Mr. Thompson the gross amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) in full satisfaction of Mr. Thompson's other claims, including, but not limited to, any claims for liquidated damages, emotional distress, pain and suffering, and mental anguish. Trinitas will issue an IRS Form 1099 MISC to Mr. Thompson, as required by law.

    c. A check in the amount of Ten Thousand Dollard and Zero Cents ($10,000.00), issued to Austin & Sparks, P.C., representing Mr. Thompson's obligation to counsel for attorneys' fees and reimbursement of costs. Said payment will be reported to the IRS on a Form 1099 which will be issued to both Mr. Thompson and to his counsel. Trinitas is not responsible for the payment of additional fees to Mr. Thompson.

    d. The payment pursuant to Paragraphs 2(a) above will be delivered consistent with the revocation period outlined in Paragraph 5 of the Agreement, and specifically within seven (7) days of the Court's approval of the settlement of the Litigation.

3. **FULL AND FINAL RELEASE.**

    As a material inducement to Defendant to enter into the Agreement, Mr. Thompson hereby irrevocably and unconditionally releases, acquits and forever discharges



Defendant and each of their owners, predecessors, successors, assigns, agents, directors, officers, employees, former employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates (and agents, directors, officers, employees, representatives and attorneys of such parent companies, divisions, subsidiaries and affiliates), and all persons acting by, through, under or in concert with any of them (collectively "Releasees"), from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses of any nature whatsoever, known or unknown, suspected or unsuspected, including, but not limited to, rights arising out of alleged violations or breaches of any contracts, express or implied, or any tort, claims arising from any legal restrictions on Defendant's right to terminate employees or any federal, state or other governmental statute, regulation, or ordinance, including, without limitation: (1) the Fair Labor Standards Act; (2) Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 (race, color, religion, sex, and national origin discrimination); (3) the Americans with Disabilities Act (disability discrimination); (4) 42 U.S.C. § 1981 (discrimination); (5) the Age Discrimination in Employment Act; (6) the Texas Commission on Human Rights Act; (7) the Older Workers Benefit Protection Act; (8) the Equal Pay Act; (9) the Employee Retirement Income Security Act ("ERISA"); (10) Section 503 of the Rehabilitation Act of 1973; (11) the False Claims Act (including the qui tam provision thereof); (12) the Occupational Safety and health Act; (13) the Consolidated Omnibus Budget Reconciliation Act of 1986; (14) intentional or negligent infliction of emotional distress or "outrage"; (15) defamation; (16) interference with employment; (17) interference with contract; (18) negligent retention; (19) negligent supervision; (20) wrongful discharge; and (21) invasion of privacy, which Mr. Thompson now has or claims to have against each or any of the Releasees at any time up to and including the day he signs this Agreement ("Claim" or "Claims")..

4.   **KNOWING AND VOLUNTARY WAIVER.**

Mr. Thompson expressly acknowledges that the Agreement is intended to include, without limitation, all Claims that Employee does not know or suspect to exist at the time he signs this Agreement, and the Agreement contemplates the extinguishment of any such Claim or Claims.

5.   **AGE DISCRIMINATION IN EMPLOYMENT ACT**

Mr. Thompson hereby acknowledges and agrees that this Agreement and the termination of Employee's employment and all actions taken in connection therewith are in compliance with the Age Discrimination in Employment Act and the Older Workers Benefit Protection Act and that the releases set forth in Paragraph 3 hereof shall be applicable, without limitation, to any claims brought under these Acts. Mr. Thompson further acknowledges that he is hereby advised by the Defendant to consult with outside counsel in regard to this matter. Mr. Thompson further acknowledges that he has been given twenty-one (21) days from the time that he receives this Agreement to consider whether to sign it. If Mr. Thompson has signed this Agreement before the end of this twenty-one (21) day period, it is because he freely chose to do so after carefully considering its terms. Finally, Mr. Thompson shall have seven (7) days from the date he signs this Agreement to revoke the Agreement. To revoke, Mr. Thompson must ensure that written notice is delivered to Chris Stoker, Counsel for Defendant, by the end of the seventh calendar day after Mr. Thompson signs this Agreement. If Mr. Thompson does not

revoke this Agreement within seven (7) days of signing, this Agreement will become final and binding on the day following such seven (7) day period. If Mr. Thompson elects not to sign this Agreement within twenty-one (21) days from the time that he receives this Agreement, this Agreement shall expire automatically.

### 6  NO OTHER CLAIMS.

Mr. Thompson represents that he has not filed any complaints, charges or lawsuits against Defendant or a Releasee with any governmental agency or any court other than the instant Litigation.

### 7.  NON-ADMISSION OF LIABILITY OR WRONGFUL CONDUCT.

This Agreement shall not be construed as an admission by Defendant of any liability or acts of wrongdoing or discrimination.

### 8.  NON-DISPARAGEMENT.

The Parties acknowledge that Mr. Thompson's claims against Trinitas have been amicably resolved. Mr. Thompson represents and agrees that he will not criticize, denigrate or otherwise disparage or cause disparagement to Trinitas. Mr. Thompson further represents and agrees that he has not and will not engage in any conduct or take any action whatsoever to cause or influence or which reasonably could be anticipated to cause or influence any past, present or prospective employee of, or applicant for employment with the Defendant, to initiate litigation, assert any other kind of claim or take any other kind of adverse action against the Defendant, regarding employment issues. Mr. Thompson's promises in this paragraph are a material term and of the essence to this Agreement.

### 9.  NO RE-EMPLOYMENT.

Mr. Thompson agrees that he does not seek employment, reinstatement or reemployment with Defendant and will never seek employment in the future with Defendant.

### 10.  GOVERNING LAW.

This Agreement shall be interpreted under the laws of the State of Georgia.

### 11.  SEVERABILITY.

The provisions of this Agreement are severable, and if any part of this Agreement except Paragraph 3 is found by a court of law to be unenforceable, the remainder of the Agreement will continue to be valid and effective. If Paragraph 3 is found by a court of competent jurisdiction to be unenforceable, the Parties agree to seek a determination by the court as to the rights of the parties.

12. **SOLE AND ENTIRE AGREEMENT.**

This Agreement sets forth the entire agreement between the Parties. Any prior agreements between or directly involving the Parties to the Agreement are superseded by the terms of this Agreement.

13. **SIGNATURE.**

The Agreement may be signed in counterpart and/or through the use of facsimile signatures without affecting its binding nature or effectiveness.

14. **LEGALLY BINDING AGREEMENT.**

Mr. Thompson understands and acknowledges that (a) this is a legally binding release; (b) by signing this Agreement, he is barred from instituting Claims against Defendant to the extent set forth in Paragraph 3 above; and (c) this Agreement is final and binding.

15. **KNOWLEDGEABLE DECISION BY MR. THOMPSON.**

Mr. Thompson acknowledges that he has read all the terms of the Agreement. Mr. Thompson understands the terms of the Agreement and understands that the Agreement releases forever Defendant from any legal action arising from Mr. Thompson's relationship with Defendant as an employee. Mr. Thompson is signing and delivering the Agreement of his own free will in exchange for the payment to be given, which Mr. Thompson acknowledges and agrees is adequate and satisfactory.

16. **ACKNOWLEDGEMENTS.**

   a. Mr. Thompson acknowledges, understands and agrees that he has been paid in full for all hours that he has worked for Defendant and that he has been paid any and all compensation or bonuses which have been earned through the date of execution of this Agreement.

   b. Mr. Thompson acknowledges that he has no knowledge of any actions or inactions by any of the Releasees or by Defendant that Mr. Thompson believes could possibly constitute a basis for a claimed violation of any federal, state, or local law, any common law or any rule promulgated by an administrative body.

MR. THOMPSON ATTESTS THAT HE HAS READ THE AGREEMENT CAREFULLY AND UNDERSTANDS THAT THE AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.

DATE: 10-28-14 _____
RICHARD THOMPSON

TRINITAS VENTURES LLC

DATE: 10/28/14 By: _____
AUTHORIZED REPRESENTATIVE



# AUSTIN & SPARKS
### ATTORNEYS

JOHN B. AUSTIN
JOHN T. SPARKS
JEAN G. MANGAN

AUTHOR'S E-MAIL:
JSPARKS@AUSTINSPARKS.COM

WWW.AUSTINSPARKS.COM

July 29, 2014

## ENGAGEMENT AGREEMENT

The undersigned has retained the law firm of Austin & Sparks, P.C. (hereinafter the "Firm") to represent them with respect to their claims seeking overtime payments against a company known as "Trinitas Ventures" (hereinafter "Employer") and/or any other company or organization in anyway associated with Employer or its successor or related corporation(s) operating or managing that certain apartment complex in Kennesaw, Georgia known as "The Collegiate".

The Attorneys usually bill lawyer's time for this type of case at $450.00 per hour and legal assistant's time at $150.00 per hour. However, the Undersigned retained the Firm on a forty percent (40%) contingency fee basis. That means that the fee in this matter will be 40% of the gross amount of any recovery through judgment, settlement, or otherwise from any person or entity. Should the Court award attorneys' fees then the fee shall be 40% of the gross amount recovered, including awarded fees, or the awarded fees, whichever is greater. This fee agreement does not include any appellate work, which would be the subject of another agreement.

In addition to the fee, the Undersigned will be responsible for the expenses incurred in the litigation. It is the Firm's policy that these out-of-pocket expenses will be collected at the end of the case. These expenses include, without limitation, court filing fees, long distance telephone calls, outside photocopy costs, in-house photocopy costs at $.25, court reporter costs, witness fees, mailing costs, travel expenses, and other things.

Although the Firm strongly believes in this case, additional facts may come to light during the Litigation that would require the Firm to not continue the matter. See Rule 11 of the Federal Rules of Civil Procedure and O.C.G.A. §51-7-80. Therefore, if, at any time, the Firm concludes that the facts or law do not support the allegations or that proceeding will not be economically advantageous to the Firm, the Firm may withdraw from this representation with proper notice.

The Firm cannot estimate with any degree of accuracy the amount of out of pocket expenses you will incur. Likewise, the Firm cannot guarantee the amount, if any, of any recovery. In fact, a jury or the Court could find that the Undersigned is not entitled to recover; however, the Firm will use their best efforts on your case.



AUSTIN & SPARKS, P.C. • 2974 LOOKOUT PLACE, N.E. • SUITE 200 • ATLANTA, GEORGIA 30305-3239 • 404.869.0100 FAX 404.869.0200

July 29, 2014
Page 2

In the event that the Undersigned should discharge this Firm at any time after execution of this agreement, then our fee will be the hourly rate above described for the hours spent on your behalf by this Firm. In the event that you discharge this Firm in anticipation of a settlement of any claims the Undersigned may have against the above-listed individuals or entities, then this Firm's fee shall be the greater of 40% of any settlement obtained by whatever means or the hourly rate times the number of hours spent on your behalf by both this Firm whichever is greater, plus reimbursement of all out-of-pocket expenses.

The Undersigned agrees that the Firm will not offer any advice or counsel with respect to whether any award or recovery of any type is taxable or not taxable. Nevertheless, the Undersigned agrees that any award or recovery for unpaid wages will be subject to the then current withholding requirements of the then current state and federal tax code. Moreover, any award or recovery of other damages, including without limitation "liquidated damages", may be subject to taxation as ordinary income. The Undersigned will seek professional tax advice to assist the Undersigned with respect to any tax issue arising or potentially arising from an award or recovery in this litigation.

As part of this representation, the Undersigned agrees to cooperate in the litigation by providing relevant documents and information as well as appearing in Court and at depositions, and otherwise. This cooperation is essential to this matter.

This 29 day of July, 2014.

Richard Charles Thompson
SS# 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
3370 Stilesboro
Kennesaw, Georgia 30152

Austin & Sparks, P.C.

By:
John T. Sparks, Sr., Esq.
2974 Lookout Place, N.E., Suite 200
Atlanta, Georgia 30305
404-869-0100 / 404-869-0200 (fax)